IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JOHN J. DELSIGNORE,**
**Claimant Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-331**     (JCN: 2021013896)

**TIMBERLINE LOGGING ENTERPRISES, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner John J. Delsignore appeals the December 2, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Timberline Logging Enterprises, LLC, filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order that denied the addition of right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left-sided sciatica as secondary conditions in the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 7, 2021, Mr. Delsignore, a timber faller, was injured in the course of and resulting from his employment when the tree he was cutting down hit another tree, causing a branch to break off and strike him. Mr. Delsignore presented to the emergency room and was diagnosed with a trimalleolar fracture of the right ankle with severe displacement and dislocation. Mr. Delsignore underwent an open reduction and internal fixation of the right ankle joint. By order dated February 4, 2021, the claim administrator held the claim compensable for displaced trimalleolar fracture of the right lower leg and contusion of the lower back and pelvis.

Mr. Delsignore continued to be treated by the orthopedic surgeon who had performed his surgery, Dona Alvarez, M.D. Dr. Alvarez examined Mr. Delsignore on June 16, 2021, and diagnosed back pain with left-sided sciatica and post-traumatic arthritis of

---

[1] Mr. Delsignore is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Timberline Logging Enterprises, LLC is represented by Jeffrey M. Carder, Esq.

the right ankle. According to Dr. Alvarez, Mr. Delsignore had early osteoarthritis in the right ankle which was attributable to the compensable injury.

On July 20, 2021, Mr. Delsignore underwent an independent medical evaluation ("IME"), which was performed by Christopher Martin, M.D. Dr. Martin found that there was no evidence to support a diagnosis of post-traumatic arthritis, and he opined that post-traumatic arthritis would not be expected to develop so quickly following the compensable injury. He also noted that prior x-rays did not show the presence of arthritis. While he did not have the most recent x-ray to review, Dr. Martin noted that Dr. Alvarez did not document arthritis as being found on that x-ray. Dr. Martin did opine that Mr. Delsignore would be at an increased risk of developing post-traumatic arthritis in the future given the nature and severity of the injury, and that if it did develop, it would be attributable to the compensable injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Martin opined that Mr. Delsignore suffered no permanent impairment due to any contusions of the posterior torso. Regarding the ankle, Dr. Martin recommended that Mr. Delsignore obtain a second opinion from an orthopedic surgeon to determine if he had reached maximum medical improvement ("MMI").

Mr. Delsignore was treated by Dr. Alvarez on August 16, 2021. Dr. Alvarez reiterated her opinion that Mr. Delsignore's fracture and dislocation of the right ankle caused early osteoarthritis. She noted that an x-ray of the right ankle revealed no evidence of avascular necrosis. She further opined that Mr. Delsignore's left groin pain and lumbar pain were attributable to the compensable injury.

Mr. Delsignore returned to see Dr. Martin in December of 2021 for an IME. Per Dr. Martin's report, Mr. Delsignore obtained a second opinion from an orthopedic surgeon, who opined that no further treatment for the ankle was recommended. Dr. Martin was asked to provide an opinion on Dr. Alvarez's recommendations for a brace, imaging, medication, and other ongoing care for Mr. Delsignore's right ankle. Dr. Martin opined that it would be appropriate to transition to long-term maintenance care and, therefore, agreed with Dr. Alvarez's recommendation for a brace and orthotics. He found Mr. Delsignore to be at MMI and did not believe that additional surgery, physical therapy, or medication was necessary. Using the *Guides*, Dr. Martin found 5% whole person impairment for the right ankle fracture, which was his final recommendation.

On April 27, 2022, Dr. Alvarez completed a diagnosis update form and requested that the conditions of right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left-sided sciatica be added to the claim. By order dated June 3, 2022, the claim administrator denied Dr. Alvarez's request to add those conditions to the claim. Mr. Delsignore protested.

On December 2, 2022, the Board issued an order affirming the claim administrator's order denying Dr. Alvarez's request to add right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left-sided sciatica to the claim. The Board found that the evidence did not support adding right ankle subtalar joint arthritis to the claim, as Dr. Alvarez did not document a finding of arthritis on the most recent x-rays of Mr. Delsignore's right ankle. Further, Dr. Martin opined that Mr. Delsignore would not be expected to develop post-traumatic arthritis of the ankle so soon after the compensable injury.

The Board further found that pursuant to *Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196 (W. Va. Apr. 25, 2019) (memorandum decision) and *Whitt v. US Trinity Energy Services, LLC*, No. 20-0732, 2022 WL 577587 (W. Va. Feb. 25, 2022) (memorandum decision), left hip joint pain and low back pain with left-sided sciatica should not be added to the claim as they were symptoms, not diagnoses. Mr. Delsignore now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Delsignore argues that the Board erred in affirming the claim administrator's order that denied the addition of right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left-sided sciatica to the claim. Mr. Delsignore contends that the fact that Dr. Martin concurred with Dr. Alvarez's recommendation of a brace "clearly demonstrates Dr. Martin's acknowledgement that Mr. Delsignore's ongoing symptoms and limitations are a direct result of his compensable work injury" and that it "is

3

illogical for Dr. Martin to agree with Dr. Alvarez's recommended treatment . . . but to disagree with her diagnosis." Mr. Delsignore further points out that Dr. Martin failed to attribute Mr. Delsignore's symptoms to any other diagnosis and admitted that Mr. Delsignore was at increased risk of developing right ankle subtalar joint arthritis in the future. Importantly, Dr. Alvarez made a clinical diagnosis that explained Mr. Delsignore's continued symptoms and limitations, which is based on her knowledge of having performed his ankle surgery, repeatedly treating him, and personally witnessing his progress. As such, Mr. Delsignore avers this condition should have been added to the claim.

Regarding the diagnoses of left hip joint pain and low back pain with left-sided sciatica, Mr. Delsignore claims that they too should have been added to the claim. Mr. Delsignore argues that his lower back and hip were part of the compensable injury, and the claim administrator found contusion of the lower back and pelvis to be compensable in the claim. Mr. Delsignore argues that these injuries "continue to manifest and remain symptomatic" and did not resolve due to treatment being withheld. Mr. Delsignore argues that Dr. Martin's opinion is not reliable as he ignored the fact that the lower back and pelvis had been held compensable and attempted to attribute the left hip and back pain to something subsequent to the compensable injury. According to Mr. Delsignore, there is a clear causal relationship between the injury and his diagnoses of left hip joint pain and low back pain and, therefore, these conditions must be added to the claim.

Upon review, we find no error in the Board's order denying the addition of right ankle subtalar joint arthritis, left hip joint pain, and low back pain with left-sided sciatica to the claim. Critically, as noted by the Board, no x-rays performed have been interpreted as showing arthritis in Mr. Delsignore's right ankle. Further, while Dr. Martin noted that Mr. Delsignore may be at an increased risk for developing the condition in the future, he opined that post-traumatic arthritis/right subtalar joint arthritis would not be expected to develop so soon after the compensable injury. Further, though Mr. Delsignore argues that it was "illogical" for Dr. Martin to agree with Dr. Alvarez's recommendation for a brace but to disagree with her diagnosis, we find these arguments to be without merit. It is entirely plausible for Dr. Martin to agree that a brace was necessary based on the permanent impairment Mr. Delsignore sustained from the compensable injury rather than arthritis as suggested by Dr. Alvarez. As such, we find no error in the Board's decision to deny the addition of right ankle subtalar joint arthritis to the claim.[2] Moreover, the Board was not clearly wrong in determining that pain is not an appropriate compensable condition in the claim. As noted above, our Supreme Court has repeatedly stated that pain is a symptom, not a diagnosis, and therefore cannot be added to the claim.

---

[2] We note that the increased risk of developing a condition, such as arthritis, is not a compensable condition. If Mr. Delsignore were to develop arthritis in the future, he would be entitled to petition to the claim administrator to add it to the claim upon a proper showing that he developed arthritis in the course of and resulting from his employment.

4

Based on the foregoing, we find that the record does not warrant adding the requested conditions to Mr. Delsignore's claim, and he is entitled to no relief in this regard. Accordingly, we affirm the Board's December 2, 2022, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5